UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION


EUGENE JOHNSON,

               Petitioner,

vs.                              Case No. 3:10-cv-185-J-34TEM

SECRETARY OF THE FLORIDA
DEPARTMENT OF CORRECTIONS,
et al.,

               Respondents.

**ORDER OF DISMISSAL WITH PREJUDICE**

**A. Status**

Petitioner, an inmate of the Florida penal system proceeding in forma pauperis, initiated this action by filing a pro se Petition for Writ of Habeas Corpus (Petition) (Doc. #1) under 28 U.S.C. § 2254 on February 26, 2010, pursuant to the mailbox rule.[1] Petitioner challenges a 1999 state court (Putnam County, Florida) judgment of conviction for possession of a firearm by a convicted felon and unlawful possession of a controlled substance with intent to sell or deliver.

---

[1] The Petition (Doc. #1) was filed in this Court on March 1, 2010; however, giving Petitioner the benefit of the mailbox rule, this Court finds that the Petition was filed on the date Petitioner handed it to prison authorities for mailing to this Court (February 26, 2010). See Houston v. Lack, 487 U.S. 266, 275-76 (1988). The Court will also give Petitioner the benefit of the mailbox rule with respect to his pro se inmate state court filings when calculating the one-year limitations period under 28 U.S.C. § 2244(d).

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year statute of limitations on petitions for writ of habeas corpus. Specifically, 28 U.S.C. § 2244 provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).  Respondents contend that Petitioner has not complied with the one-year period of limitations set forth in 28 U.S.C. § 2244(d).  <u>See</u> Respondents' Response to Petition (Response) (Doc. #13).[2]  On March 8, 2010, the Court entered an Order to Show Cause and Notice to Petitioner (Doc. #6), admonishing Petitioner regarding his obligations and giving Petitioner a time frame in which to submit a reply.  Petitioner has filed a memorandum opposition to the motion.  <u>See</u> Petitioner's Motion for Response from State Response (Doc. #19), filed October 14, 2010.  This case is now ripe for review.

### B. One-Year Limitations Period

The following procedural history is relevant to the one-year limitations issue.  Petitioner was charged with possession of a firearm by a convicted felon and unlawful possession of a controlled substance with intent to sell or deliver. Resp. Ex. 1, Case No. 97-2028, Information; Resp. Ex. 2, Case No. 97-2064, Information.  In Case No. 97-2028, the jury found Johnson guilty of possession of a firearm by a convicted felon on January 7, 1999. Resp. Ex. 3 at 117.  Thereafter, on February 12, 1999, after a separate trial, the jury found Johnson guilty of unlawful possession of a controlled substance with intent to sell or deliver. Resp. Ex. 4 at 81.  On February 18, 1999, the trial court adjudicated Petitioner guilty of possession of a firearm by a

---

[2] The Court will refer to Respondents' exhibits as "Resp. Ex."

convicted felon and unlawful possession of a controlled substance with intent to sell or deliver and sentenced him, as a habitual felony offender, to twenty-five years on each charge, to run concurrently. Resp. Ex. 5 at 9-10; Resp. Ex. 6, Judgment.

On appeal, Petitioner's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), see Resp. Ex. 8, and Petitioner filed a pro se brief, see Resp. Ex. 12. The State filed notices of its intent not to respond. Resp. Exs. 11; 13. On January 18, 2000, the appellate court affirmed Petitioner's conviction and sentence per curiam. Johnson v. State, 751 So.2d 595 (Fla. 5th DCA 2000); Resp. Ex. 14. The mandate issued on February 4, 2000.[3] Resp. Ex. 16. Petitioner did not seek review in the United States Supreme Court.

Petitioner's conviction became final on April 17, 2000 (90 days after January 18, 2000). See Close v. United States, 336 F.3d 1283, 1285 (11th Cir. 2003) ("According to rules of the Supreme Court, a petition for certiorari must be filed within 90 days of the appellate court's entry of judgment on the appeal or, if a motion for rehearing is timely filed, within 90 days of the appellate court's denial of that motion."). Because Petitioner's conviction was after April 24, 1996, the effective date of the AEDPA, Petitioner had one year from the date his conviction became

---

[3] Online docket, Eugene Johnson, Jr. v. State of Florida, Case No. 5D99-905, website for the Fifth District Court of Appeal (http://www.5dca.org).

final to file the federal petition (April 17, 2001). His Petition, filed on February 26, 2010, is due to be dismissed as untimely unless he can avail himself of one of the statutory provisions which extends or tolls the limitations period.

The one-year period of limitations started running on April 18, 2000, and ran for one hundred and thirteen (113) days, when Petitioner filed a pro se motion for post conviction relief on August 9, 2000. Resp. Ex. 17. The trial court denied the motion on August 21, 2000, see Resp. Ex. 18, and the appellate court affirmed the denial per curiam on October 31, 2000, see Johnson v. State, 771 So.2d 1178 (Fla. 5th DCA 2000); Resp. Ex. 20. The mandate issued on November 17, 2000.[4] Resp. Ex. 21.

The one-year period of limitations started running again on November 18, 2000, and ran for seventy-three (73) days, when Petitioner filed a pro se petition for writ of habeas corpus on January 30, 2001. Resp. Ex. 22. The appellate court denied the petition on February 27, 2001. Resp. Ex. 23. Thus, the one-year period of limitations started running again on February 28, 2001, and ran for seventy-one (71) days until May 10, 2001, when Petitioner filed a second pro se motion for post conviction relief. Resp. Ex. 24. The trial court denied the motion on May 23, 2001. Resp. Ex. 25. On March 26, 2002, the appellate court affirmed the

---

[4] Online docket, Eugene Johnson, Jr. v. State of Florida, Case No. 5D00-2922, http://www.5dca.org.

denial per curiam. Johnson v. State, 812 So.2d 429 (Fla. 5th DCA 2002); Resp. Ex. 31. The mandate issued on April 12, 2002.[5] Resp. Ex. 32.

With one hundred and eight days of the one-year period of limitations remaining, Johnson should have filed his Petition in this Court on Monday, July 29, 2002. He did not do so. Instead, in 2005, 2007, and 2009, Johnson filed additional motions[6] in the state courts; however, the one-year limitations period had already expired. Thus, those post-conviction motions which were filed after the expiration of the one-year limitations period did not toll the running of the limitations period. See Tinker v. Moore, 255 F.3d 1331, 1334-35 (11th Cir. 2001) (holding that, even though Florida law allows a prisoner two years to file a Rule 3.850 motion, the prisoner must actually have a properly filed state court petition or motion pending within the one-year period in order to toll the limitations period), cert. denied, 534 U.S. 1144 (2002); Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000) (per curiam) ("Under § 2244(d)(2), even 'properly filed' state-court petitions must be 'pending' in order to toll the limitations period. A state-court petition like [Petitioner]'s that is filed following the expiration of the limitations period cannot toll that

---

[5] Online docket, Eugene Johnson, Jr. v. State of Florida, Case No. 5D02-487, http://www.5dca.org.

[6] See Resp. Exs. 33; 35; 37; 42.

period because there is no period remaining to be tolled."), cert. denied, 531 U.S. 991 (2000).

Based on the foregoing, the Petition, filed February 26, 2010, is untimely filed and due to be dismissed unless Petitioner can establish that equitable tolling of the statute of limitations is warranted.  Petitioner has failed to set forth any facts supporting a conclusion that he is entitled to equitable tolling.  See Petition (Doc. #1) at 14.  The United States Supreme Court has established a two-prong test for equitable tolling, stating that a petitioner "must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way' and prevented timely filing."  Lawrence v. Florida, 549 U.S. 327, 336 (2007); see Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008) (stating that equitable tolling "is a remedy that must be used sparingly"); see also Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008) (noting that the Eleventh Circuit "has held that an inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence.") (citation omitted).  The burden is on Petitioner to make a showing of extraordinary circumstances that are both beyond his control and unavoidable with diligence, and this high hurdle will not be easily surmounted.  Howell v. Crosby, 415 F.3d 1250 (11th Cir. 2005), cert. denied, 546 U.S. 1108 (2006); Wade v. Battle, 379 F.3d 1254, 1265 (11th Cir. 2004) (citations omitted).

Here, Petitioner simply has not met the burden of showing that equitable tolling is warranted.

Further, Petitioner claims actual innocence. To make a showing of actual innocence, Petitioner must show "that it is more likely than not that no reasonable juror would have found Petitioner guilty beyond a reasonable doubt." Schlup v. Delo, 513 U.S. 298, 327 (1995). In assessing the adequacy of a petitioner's showing, the Court has stated:

> The meaning of actual innocence . . . does not merely require a showing that a reasonable doubt exists in the light of the new evidence, but rather that no reasonable juror would have found the defendant guilty. It is not the district court's independent judgment as to whether reasonable doubt exists that the standard addresses; rather the standard requires the district court to make a probabilistic determination about what reasonable, properly instructed jurors would do. Thus, a petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.

Id. at 329; see also Sibley v. Culliver, 377 F.3d 1196, 1205 (11th Cir. 2004) (stating that "[t]o establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence") (citations omitted).

This Court finds that Petitioner has not made a showing of actual innocence. Petitioner has not offered any new reliable

evidence that was not available at the time of trial. Petitioner has not produced exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence that was not presented at trial. Indeed, he has failed to point to any evidence to demonstrate that it is more likely than not that no juror, acting reasonably, would have found him guilty beyond a reasonable doubt in light of new evidence. This is not an "extraordinary" case under the Schlup standard. House v. Bell, 547 U.S. 518, 538 (2006).

Petitioner has not shown a justifiable reason why the dictates of the one-year limitations period should not be imposed upon him. For this reason, this Court will dismiss this case with prejudice pursuant to 28 U.S.C. § 2244(d).

### C. Certificate of Appealability
### Pursuant to 28 U.S.C. § 2253(c)(1)

If Petitioner appeals the dismissal of the Petition, the undersigned opines that a certificate of appealability is not warranted. This Court should issue a certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve

encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. See Slack, 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. Upon consideration of the record as a whole, this Court will deny a certificate of appealability.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. Respondents' request to dismiss this case with prejudice (Doc. #13) is **GRANTED**.

2. This case is **DISMISSED** with prejudice.

3. The Clerk of the Court shall enter judgment dismissing this case with prejudice and shall close this case.

4. If Petitioner appeals the dismissal of the Petition, the Court denies a certificate of appealability. Because this Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida, this 26th day of October, 2010.

*[signature]*
MARCIA MORALES HOWARD
United States District Judge

sc 10/26
c:
Eugene Johnson
Ass't Attorney General (McGuigan)

11